UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

HARRY RODRÍGUEZ-RIVERO,

Plaintiff,

v.

RAFAEL RAMOS-VÉLEZ,

Defendant.

Civil No. 08-1016 (JAF)

**O R D E R**

Defendant renews under Federal Rule of Civil Procedure 50(b) his motion for judgment as a matter of law on the issue of his liability under 42 U.S.C. § 1983 for excessive use of force while arresting Plaintiff. (Docket No. 96.) Defendant argues that, based solely on Plaintiff's case in chief, the jury could only have concluded that Defendant was not involved in Plaintiff's arrest.[1] (Id.) Plaintiff opposes, arguing that the jury could have inferred from his case in chief that Defendant was involved. (Docket No. 100.)

We may grant judgment as a matter of law "only if reasonable persons could not have reached the conclusion that the jury embraced." Granfield v. CSX Transp., Inc., 597 F.3d 474,

---

[1] Defendant argues that we may take only evidence from Plaintiff's case in chief, as Defendant was obliged to present evidence before Plaintiff rested—that being the case, Defendant had no opportunity to present his Rule 50(a) motion before his own testimony eviscerated the grounds for same. (See Docket No. 96 at 5 n.2; see also Docket No. 95 at 62-64 (Defendant testifying, "I myself handcuffed him").) As we resolve the instant renewal on the basis of Plaintiff's case in chief, we need not determine whether we could have looked beyond it.

Civil No. 08-1016 (JAF)                                                                                                    -2-

482 (1st Cir. 2010) (quoting Sánchez v. P.R. Oil Co., 37 F.3d 712, 716 (1st Cir. 1994)).  In deciding a Rule 50 motion, we "examin[e] the evidence presented to the jury, and all reasonable inferences that may be drawn from such evidence, in the light most favorable to the jury verdict." Id. (internal quotation marks omitted).

At trial, Plaintiff testified that he could not at all times see who was handling him while the officers arrested him.  (See Docket No. 95 at 17-18.)  He also testified that he saw Defendant at the initial intervention (see, e.g., id. at 19) and saw Defendant again immediately after the arrest (see id. at 18-19).  From these facts alone, a juror reasonably could infer that Defendant was involved in the arrest.  Whether Plaintiff otherwise contradicted himself regarding Defendant's involvement, including by asserting that none of the officers at the initial intervention reappeared at the arrest (see Docket No. 96), was a matter for the jury to sort out.

We, therefore, hereby **DENY** Defendant's renewed motion for judgment as a matter of law (id.).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of April, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge